## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **B.S. and S.C.**

**No. 18-0423** (Wood County 17-JA-185 and 17-JA-186)

**FILED**

**November 19, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother A.S., by counsel Jeffrey O. Dye II, appeals the Circuit Court of Wood County's April 5, 2018, order terminating her parental rights to B.S. and S.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Robin S. Bonovitch, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding no reasonable likelihood that she could substantially correct the conditions of abuse and neglect in the near future and terminating her parental rights instead of utilizing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 14, 2017, the DHHR filed an abuse and neglect petition alleging that petitioner went to the hospital for pregnancy-related issues, but left against medical advice. The DHHR further alleged that petitioner subsequently returned to the hospital suffering from seizures and underwent an emergency caesarian section. B.S. tested positive for methamphetamine, amphetamines, and THC at birth and suffered from withdrawal symptoms. Petitioner's boyfriend disclosed to the DHHR that petitioner actively used methamphetamine during her pregnancy with B.S. The DHHR alleged that at the time the petition was filed, petitioner and the child were still hospitalized and that, due to her continued substance abuse, petitioner was unable to provide appropriate care and supervision for B.S. and the older child, S.C. On January 24, 2018, the circuit court held an adjudicatory hearing during which petitioner stipulated to the allegations of abuse and neglect and was adjudicated as an abusing parent. Following the hearing, petitioner moved for a post-adjudicatory improvement period.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

On April 2, 2018, the circuit court held a dispositional hearing. Counsel for petitioner again requested a post-adjudicatory improvement period and explained that petitioner was incarcerated, but that she was attempting to enter into a plea agreement and intended to participate in an in-patient substance abuse treatment program. Counsel for S.C.'s father, along with the DHHR and guardian, objected to granting petitioner a post-adjudicatory improvement period. The circuit court noted that petitioner failed to attend hearings in the matter scheduled in July, August, September, October, and November of 2017. It also noted that petitioner was incarcerated in West Virginia or Ohio for at least part, if not for the entirety of, the abuse and neglect proceedings.[2] Counsel for S.C.'s father informed the circuit court that petitioner had not seen S.C. since July 20, 2016, when the child was six months old. The circuit court denied petitioner's motion for a post-adjudicatory improvement period. Based upon the evidence presented, the circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future due to her substance abuse and failure to provide the children with appropriate care and supervision. The circuit court also found that termination of petitioner's parental rights was necessary for the children's welfare and was the least-restrictive dispositional alternative. Ultimately, the circuit court terminated petitioner's parental rights in its April 5, 2018, dispositional order.[3] It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

---

[2]Other than a speeding charge mentioned by counsel for petitioner, the record is devoid of any further information regarding the crimes for which petitioner was charged.

[3]According to the parties, S.C.'s father is a nonabusing parent and retains custody of that child. B.S.'s father's parental rights were terminated and the permanency plan for that child is adoption in his current foster placement.

On appeal, petitioner argues that the circuit court erred when it found that there was no reasonable likelihood that she could substantially correct the conditions of abuse and neglect in the near future. In support, petitioner asserts that as part of the plea agreement in her unrelated criminal case, she "intended to participate in a long-term residential drug treatment program" in order to help correct her parental deficiencies. We find this argument to be meritless. West Virginia Code § 49-4-604(c)(3) clearly indicates that a situation where there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child. . . .

Here, petitioner abused substances during her pregnancy with B.S. and had no further contact with the child after his birth. Petitioner last saw S.C. in July of 2016 when the child was only six months old. Petitioner also failed to participate in the instant proceedings and missed numerous scheduled hearings. Although petitioner argues that she intended to participate in an in-patient substance abuse treatment program and that her participation in said program would correct the deficiencies in her parenting, this argument is purely speculative. There is no evidence to suggest that she would successfully complete any such program or even be permitted to undergo such treatment under the terms of her plea agreement. Based on this evidence, the circuit court correctly found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. Further, West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. Due to petitioner's substance abuse issues, failure to attend multiple hearings, and incarceration, it is clear that termination of her parental rights was in the children's best interests. Therefore, we find no error in the termination of petitioner's parental rights.

Further, petitioner argues that the circuit court erred in terminating her parental rights rather than utilizing a less-restrictive dispositional alternative. In support, petitioner argues that she should have been granted a post-adjudicatory improvement period to address the issues of abuse and neglect. Again, petitioner asserts that "part of the anticipated plea was that the [p]etitioner would likely be receiving long-term residential treatment." As discussed above, this assertion is speculative and not persuasive. West Virginia Code § 49-4-610 provides that a parent may be granted an improvement period if "[t]he [parent] demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." Additionally, we have stated that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015). Petitioner failed to present any evidence to demonstrate that she would be likely to participate in an improvement period and, therefore, the circuit court did not err in denying her the same. Moreover, we have held that

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va. Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va. Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). For these reasons, the termination of petitioner's parental rights was appropriate.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 5, 2018, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**: November 19, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment

4